UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY W. YOUNG,

    Plaintiff,

v().                                                     Civ. No. 11-503 LAM

HIDALGO COUNTY SHERIFF'S DEP'T,
HIDALGO COUNTY,

    Defendants.

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING THE FILING OF AN AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff Timothy W. Young's application to proceed *in forma pauperis* ("IFP") [*Doc. 2*], filed June 10, 2011, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* at 1312.

    To support his motion to proceed IFP, Mr. Young must show that he is unable to pay filing fees and still be able to provide himself and dependents with the necessities of life. *Adkins v. E. I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). It appears that Mr. Young, who has three children, and whose expenses for necessities almost equal his family's income, may meet that financial standard. *See* [*Doc. 2* at 2-5]. But because Mr. Young has failed to state sufficient facts to bring a cognizable federal claim against the named Defendants,

and because it is unclear whether Mr. Young's criminal charge is still pending, the Court concludes that he must file an amended Complaint before free service of process is ordered.

Mr. Young's sparse Complaint contains three claims. [*Doc. 1* at 3-4]. Mr. Young's first claim is for "Wrongful Arrest," and in support of this claim Mr. Young states that on January 15, 2011, "[O]fficer Smith did not contact owner Tommy Depolie," and "[t]herefore no active Criminal tresspass [sic] issued." *Id.* at 3. Mr. Young further states that on January 30, 2011, he "was arrested on an alleged criminal trespass charge," that "Officer Charles Madrid was contacted via cell phone by [O]fficer [F]lores ([n]ot [d]ispatched)." *Id.* In addition, in the section asking him to state the background of his case, Mr. Young states: "Altercation ([v]erbally) on private property," and that he "was pulled over by D.O.T. Officer Madrid," who told Mr. Young that the property's owner "did not want [Mr. Young] on premises that day." *Id.* at 2.

Mr. Young's second claim is for "Illness incurred/Mental Distress," and in support of this claim he states that "[w]hen [he] was being booked in H.C.D.C. [apparently Hidalgo County's detention center], [he] told officers of medications needed," and that "[his] blood pressure climbed really high and [he] [a]sked for [his] meds." *Id.* at 3. Mr. Young states that his medications were "[n]ever given" and that he was not taken to the hospital until three or four hours later. *Id.* Mr. Young further states that "[s]hifts had changed and no[]one was aware of [his] medical history." *Id.* Mr. Young does not state that he suffered any injury from the delay in treatment.

Mr. Young's third claim is for "False Imprisonment," and his supporting facts state in their entirety: "No Active Criminal Trespass" and "Secured my own bond." *Id.* at 4.

Mr. Young sues the Hidalgo County Sheriff's Department and Hidalgo County under 42 U.S.C. § 1983 for "wrongful arrest and "false imprisonment." *Id.* at 1-2 (alleging that the Sheriff's Department was acting under color of state law and Hidalgo County was not acting under

color of state law), and *id.* at 3-4 (setting forth allegations to support claims). However, Mr. Young has stated no facts that would give rise to Hidalgo County's or the Sheriff's Department's liability for the allegedly unconstitutional acts of its officers. *See Angel v. Torrance County Sheriff's Dep't*, No. 05-2342, 183 Fed. App'x 707, 708, 2006 WL 1495003 (10th Cir. June 1, 2006) (unpublished) (affirming dismissal because the "plaintiff had no claim for supervisory liability against Torrance County or the Sheriff's Office in the absence of allegations of policy or custom"); *see also Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (requiring proof that policy or custom is the "moving force" behind governmental employee's constitutional violation) and *Hinton v. Franck*, No. 00-1142, 242 F.3d 388, 2000 WL 1846195 at *2 (10th Cir. Dec. 18, 2000) (unpublished) (affirming dismissal because no allegations were made against the sheriff's department, "other than that their employees acted unlawfully" and noting that, under controlling Supreme Court precedent, a complaint that bases liability only on a theory of *respondeat superior* does not state a claim against the agency).

More importantly, however, it may be that Mr. Young cannot file a complaint requesting relief for alleged wrongful arrest or false imprisonment against any defendant because such a complaint would be premature. In *Heck v. Humphrey*, the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994) (footnote omitted). Thus, any amended complaint against the individual officers would have to state that the criminal trespass charge against Mr. Young was dismissed before trial, or that he was found not guilty, or that his conviction was overturned. In the

absence of those facts, Mr. Young may not file a § 1983 complaint against the individual officers for their allegedly unconstitutional acts regarding his arrest and detention, and he should simply file a notice voluntarily dismissing his Complaint. *See* FED. R. CIV. P. 41(a)(1)(A).

If there are facts to support a finding that Mr. Young's complaint is not barred by *Heck*, then Mr. Young must be more specific in his allegations against the officers. For example, it is unclear what part, if any, Officer Smith played in the events leading to Mr. Young's arrest; at whose request and why the officers came to the property to arrest Mr. Young on January 30, 2011; and whether the officers had a warrant or a sworn complaint when they arrested him. In short, Mr. Young must clearly set forth "what each defendant did to him[]; when the defendant did it; how the defendant's action harmed him[]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Young apparently also attempts to bring a state-law claim against Hidalgo County for "Illness incurred/Mental Distress" regarding the detention center's employees' alleged negligent failure to take him to the hospital for 3-4 hours. [*Doc. 1*] at 2 (stating that Hidalgo County was not acting under color of state law) and 3 (alleging "Illness incurred/Mental Distress"). Again, unless Mr. Young can state facts to show that a Hidalgo County supervisory official was involved in the incident, no claim may be brought against Hidalgo County. In addition, Mr. Young should be aware that when a complaint contains no allegations to show that a private individual is acting under color of state law and depriving an individual of federally protected rights, there is no state action and the plaintiff has failed to state a federal claim or to invoke federal subject-matter jurisdiction. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."), and *Blythe v. Southwest Airlines Co.*, No. 10-2047, 383 Fed. Appx. 766, 768, 2010 WL 2473863 (10th Cir.

June 18, 2010) (unpublished) (affirming dismissal for lack of subject matter jurisdiction of a Section 1983 complaint which "included no allegation that [the defendant] acted 'under color of state law'"). Further, before filing a state-law claim against any governmental entity or employee, Mr. Young should familiarize himself with the exhaustion requirements of the New Mexico Tort Claims Act and also determine whether there is a waiver of immunity for the entity or its employees based on his allegations.

In addition, it appears that New Mexico does not recognize a cause of action for negligent infliction of emotional distress unless the plaintiff can allege facts to show that the distress caused by the defendant's negligence is "so severe and serious as to have physical consequences." There are three reasons for this principle:

> One is that emotional disturbance which is not so severe and serious as to have physical consequences is normally in the realm of the trivial, and so falls within the maxim that the law does not concern itself with trifles. It is likely to be so temporary, so evanescent, and so relatively harmless and unimportant, that the task of compensating for it would unduly burden the courts and the defendants. The second is that in the absence of the guarantee of genuineness provided by resulting bodily harm, such emotional disturbance may be too easily feigned, depending, as it must, very largely upon the subjective testimony of the plaintiff; and that to allow recovery for it might open too wide a door for false claimants who have suffered no real harm at all. The third is that where the defendant has been merely negligent, without any element of intent to do harm, his fault is not so great that he should be required to make good a purely mental disturbance.

RESTATEMENT (SECOND) OF TORTS § 436A cmt. *b* (1965); *see also* N.M.R.A. Civ. U.J.I. 13-1630 "NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, GENERALLY--NO INSTRUCTION DRAFTED," Committee Commentary referring to the Restatement (Second) of Torts §§ 436 and 436A and noting that "New Mexico law is not sufficiently developed in this area to permit the drafting of a uniform jury instruction." Mr. Young has not alleged any physical harm from his three-to-four-hour delay in receiving medical treatment for high blood pressure; thus, he may not

be able to state a claim against Hidalgo County or its employees for negligent infliction of emotional distress.

If Mr. Young fails to file an amended complaint as noted above, or fails to notice the voluntary dismissal of his Complaint, the undersigned may recommend that his case be dismissed without further notice under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of deficient complaints that have been filed without prepayment of filing fees is now mandatory).

**IT IS THEREFORE ORDERED** that Mr. Young's motion to proceed IFP [*Doc. 2*] is **GRANTED**.

**IT IS FURTHER ORDERED** that **within ten (10) days of the filing of this Order**, Mr. Young shall either file an amended complaint that comports with above findings of deficiencies or file a notice of voluntary dismissal of his Complaint.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**